UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RAHEEM VILAR,

                Petitioner,

         -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------x

ORDER

96-CR-551
16-CV-5283

Appearances:

Daniel Habib
Assistant Federal Defender
New York, New York
*Counsel for Petitioner*

Mathew Andrews
Assistant United States Attorney
White Plains, New York
*Counsel for Respondent*

Seibel, J.

      Before the Court is Petitioner Raheem Vilar's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 35.)[1] He argues that his conviction for using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), cannot stand because it was predicated on two possible underlying offenses, only one of which qualifies as a crime of violence following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (Doc. 55 ("P's Br.") at 1-2.) *Davis* held that the residual or "risk of force" clause of § 924(c) was void for vagueness, 139 S. Ct. at 2326-27, 2336, and thus only offenses fitting the force or "elements" clause can support convictions under that statute.

---

[1] All docket references are to No. 96-CR-551.

The Government concedes that Petitioner's jury was instructed that it could convict on the § 924(c) charge if it found that Petitioner used or carried the firearm during and in relation to either a conspiracy to commit carjacking under 18 U.S.C. § 371 or an attempted carjacking under 18 U.S.C. § 2119. It further concedes that under *Davis*, the conspiracy count does not qualify as a crime of violence and therefore cannot serve as a § 924(c) predicate. But it argues both that Petitioner's claim is procedurally defaulted and that the claim survives in any event because the record is clear that the jury would have convicted Petitioner of the § 924(c) count if properly instructed. (Doc. 56 ("Gov't Br.") at 1-2, 10.).

Familiarity with the procedural history of the case, the 1997 trial before the Honorable Charles L. Brieant, the standards governing § 2255 petitions, and the evolution of the *Johnson/Dimaya/Davis* line of cases is presumed.

I. Procedural Default

The Government raises only one procedural barrier: that Petitioner did not raise this issue on direct appeal.

"In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). "An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Id.* "A change in substantive law usually does not constitute 'cause' to overcome procedural default," *Graham v. United States*, No. 09-CV-5586, 2010 WL 2730649, at *2 (E.D.N.Y. July 8, 2010), nor does the fact that the claim was "unacceptable to that particular court at that particular time," *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). But "where a constitutional

claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim . . . ." *Reed v. Ross*, 468 U.S. 1, 16 (1984).

The Government argues that "Vilar cannot show cause for the default, because he cannot seriously contend that a vagueness challenge to Section 924(c)'s residual clause was unavailable to him where other defendants had challenged the constitutionality of a similarly drafted provision . . . ." (Gov't Br. at 11.) To show that others had challenged a similar provision at the time of Petitioner's conviction and appeal in 1997-98, the Government cites only *United States v. Santos*, No. 91-CR-724, 1992 WL 232057, at *8 (S.D.N.Y. Sept. 2, 1992). But in that case the defendant challenged for vagueness the terms "firearm silencer" and "firearm muffler." *See id.* To suggest that that case foreshadowed *Davis* in any respect is disingenuous.

In the absence of any indication that *Davis* (or its predecessors *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), or *Johnson v. United States*, 135 S. Ct. 2551 (2015)) was even close to anybody's radar screen in 1997 or 1998, I will assume that the claim here is so novel that it was not reasonably available to counsel at the time.

But Petitioner founders on the remainder of the test. "[T]he prejudice that must be shown is not merely whether the instruction is undesirable, erroneous, or even universally condemned, but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Gupta v. United States*, 913 F.3d 81, 85 (2d Cir. 2019) (internal quotation marks omitted). This burden "is even greater than the showing required to establish plain error on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (internal quotation marks omitted). "And in order to demonstrate his actual innocence, a defendant must prove his factual innocence, not mere legal insufficiency, and demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have

3

convicted him." *Gupta*, 913 F.3d at 85 (internal quotation marks omitted). For the reasons discussed at pages 6-7 below, which show that the jury surely would have convicted Petitioner under § 924(c) if properly instructed, he can show neither prejudice nor actual innocence. In other words, because on this record it is plain that the improper instruction could not have affected the outcome, the trial was not seriously infected by the error and the facts still support the conviction. There is thus no prejudice or actual innocence to excuse the procedural default.

II.     Merits

The Government does not dispute that the carjacking conspiracy does not qualify as a crime of violence that can support a § 924(c) conviction, and Petitioner does not dispute that the attempted carjacking does so qualify. Petitioner argues that in that situation, the Court must assume that the jury based its § 924(c) conviction on the invalid basis. In *Hedgpeth v. Pulido*, however, the Supreme Court held that where a jury is instructed on multiple theories of guilt, one of which is invalid, the question is "whether the flaw in the instructions had substantial and injurious effect or influence in determining the jury's verdict." 555 U.S. 57, 58 (2008) (*per curiam*) (internal quotation marks omitted). Under this standard the verdict will be upheld "if . . . the jury would have necessarily found the defendant[] guilty on one of the properly instructed theories of liability." *United States v. Ferguson*, 676 F.3d 260, 277 (2d Cir. 2011).

Petitioner makes no effort to address *Hedgpeth*, instead relying on arguments that not only disregard that case but also do not support the conclusion that the Court must assume that the jury relied on the invalid basis.[2] He first contends, citing *United States v. Boman*, 873 F.3d 1035 (8th Cir. 2017), that the crime-of-violence element of § 924(c) is indivisible, (P's Br. at 14-

---

[2]The Government does little better, dismissing Petitioner's legal argument in a sentence without analysis. (Gov't Br. at 15.)

4

15) – an argument that normally goes to whether a prior § 924(c) conviction can itself be a crime of violence, *see Boman*, 873 F.3d at 1042, but which is not an issue here.  He then argues that in interpreting an indivisible statute, the Court must apply a categorical approach, looking only at elements of the offense and the minimum conduct necessary for conviction, and that in this case the minimum conduct was the conspiracy offense.  (P's Br. at 17-21.)  But the categorical approach is the test one applies when determining if a predicate crime qualifies as a crime of violence.  It is not the test for determining on what conduct a jury based its § 924(c) conviction.  The categorical/minimum conduct approach is how we know that conspiracy to carjack is not a crime of violence and attempt to carjack is.  But it does not tell us anything about what to do when a jury instruction permits a verdict to rests on two bases, only one of which is permissible; it merely tells us whether a basis is permissible or not.

Petitioner also suggests that the Court must presume that the § 924(c) conviction rested on the least of the acts criminalized – here, conspiracy – just as it must where a jury returns a general verdict of guilty on a multiple-object conspiracy charge, in which situation the Court must sentence the defendant as if convicted of the object carrying the lowest sentence.  But the cases on which Petitioner relies – *United States v. Zillgitt*, 286 F.3d 128 (2d Cir. 2002), *United States v. Barnes*, 158 F.3d 662 (2d Cir. 1998), and *United States v. Orozco-Prada*, 732 F.2d 1076 (2d Cir. 1984) – not only all predate *Hedgpeth*, but they all deal with the situation where the basis of the jury's decision would affect the statutory maximum sentence to which the defendant was subject.  For example, in *Zillgitt* the defendant was sentenced to 109 months' imprisonment based on the Court's finding that the conspiracy count involved cocaine, but the count would carry a maximum sentence of only 60 months if based only on marijuana.  Here, however, whether the jury based its § 924(c) conviction on the conspiracy or the attempt would

5

not affect the statutory maximum, which is set by § 924(c), not the statutes describing the predicate offense.

In short, Petitioner makes no persuasive argument that the Court must assume that the jury based its § 924(c) conviction on the conspiracy predicate. I therefore apply *Hedgpeth*, and find that there was no substantial and injurious effect or influence on the verdict, because the jury necessarily would have convicted Petitioner of the § 924(c) count if properly instructed. The jury found Petitioner guilty of attempted carjacking, and the evidence was overwhelming that that attempt was done at gunpoint.[3] There is simply no interpretation of the facts in the record that would have allowed a finding that Petitioner used the gun in furtherance of the conspiracy but not the attempt. *See Johnson v. United States*, No. 05-CR-920, 2019 WL 1790218, at *6 (C.D. Cal. Apr. 23, 2019) ("[N]o evidence was produced at trial suggesting that firearms were used in the conspiracy, but not in the substantive offense."), *appeal docketed*, No. 19-55717 (9th Cir. June 21, 2019); *Williams v. United States*, No. 05-CR-920, 2016 WL 11268520, at *5 (C.D. Cal. Oct. 31, 2016) ("It makes little sense that Petitioner could have only discharged a firearm in the conspiracy but not the substantive Hobbs Act robbery.").[4]

---

[3] That evidence included the testimony of Petitioner's accomplice; that of the two victims of the carjacking, one of whom – an off-duty police officer – was shot; and that of witnesses to whom Petitioner later boasted of shooting a cop.

[4] The evidence showed that Petitioner proposed the carjacking to his coconspirator; that they immediately set out to do it; that they approached the car at gunpoint and told the woman in the passenger seat to get out; and that her off-duty police officer husband emerged from a nearby pizzeria and engaged in a shoot-out with Petitioner. Not only was this not a situation in which the scope of the conspiracy included offenses other than the attempt, *compare United States v. Jones*, 935 F.3d 266, 273-74 (5th Cir. 2019) (court found plain error where jury could have convicted on § 924(c) count based on RICO conspiracy that encompassed significantly more conduct than drug count), but – given the bullet that ended up in the officer – there is simply no way the jury could have found that the attempt occurred but did not involve a weapon.

Even on direct appeal under the plain error standard, the Second Circuit has left § 924(c) convictions undisturbed where one predicate is valid and the record indicates that the jury must have considered it. *See, e.g., United States v. Ventura*, 742 F. App'x 575, 578 (2d Cir. 2018) (summary order), *cert. denied*, 140 S. Ct. 158 (2019); *United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016) (summary order). The same result should obtain here where the attempt predicate "present[s] no legal concern," *Vazquez*, 672 F. App'x at 61, and the jury by definition could not have found that the firearm was used in connection with the conspiracy but not the attempt. The Government having produced "compelling evidence" that "a properly instructed jury would have found [Petitioner] guilty," *United States v. Martoma*, 894 F.3d 64, 78-79 (2d Cir. 2017), *cert. denied*, 139 S. Ct. 2665 (2019), the § 924(c) conviction will stand.

## Conclusion

In light of the foregoing, the motion under § 2255 is denied and the Petition is dismissed. The Clerk of Court is respectfully directed to: 1) terminate Doc. 35 in No. 96-CR-551; and 2) close No. 16-CV-5283.

As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).

SO ORDERED.

Dated: January 3, 2020
      White Plains, New York

                                                                                _____
                                                                               CATHY SEIBEL, U.S.D.J.